282 So.2d 104

**L. C. HALL**

v.

**STATE.**

**3 Div. 216.**

Court of Criminal Appeals of Alabama.

Aug. 21, 1973.

Cameron & Cameron, Thomas T. Gallion, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., Montgomery, J. Parke Keith, Selma, Sp. Asst. Atty. Gen., for the State.

ALMON, Judge.

L. C. Hall was convicted of the first degree murder of Homer A. Kimbrough and sentenced to life imprisonment.

Kimbrough was killed by a shotgun blast in the stomach during a robbery at a motel where he and his wife lived and where she was employed. She was away from the motel when the shooting occurred but discovered the dead body of her husband when she returned.

Charles Burton testified that on the evening of the homicide he and the defendant went to the home of Clyde Nathan where the defendant armed himself with a sawed-off shotgun. The defendant, according to Burton, later concealed the shotgun in the sleeve of his coat. The two of them then went to Peak's Motel and demanded money from the deceased who was sitting in the doorway. Burton further testified that after he had taken money from a cash box, the defendant told the deceased to go to his room and get his wallet; that the defendant followed the deceased to his room and Burton then heard tussling noises followed by a shot. After this occurred, the defendant ran from the deceased's room and stated that he had shot the deceased in the leg. Burton testified that he then went to the room of the deceased and saw him holding his stomach and trying to get on the bed. Both men then fled from the scene.

According to Burton's testimony, he was clearly an accomplice and the only eye witness to the crime.

The nature and measure of corroboration required by § 307 of Title 15, Code of Alabama 1940, have received the attention of our appellate courts on numerous occasions and although there have been some variations in interpretation, there has been no substantial departure from the general proposition that while the statute has been liberally construed, Horn v. State, 15 Ala.App. 213, 72 So. 768, such liberality of construction does not relieve the State of its obligation to offer other evidence tending to connect the defendant with the commission of the offense charged. Sorrell v. State, 249 Ala. 292, 31 So.2d 82; Fagan v. State, 35 Ala.App. 13, 44 So.2d 634.

The correct approach to the problem of corroboration is set out in *Sorrell*, supra:

" ' * * * the proper test in determining whether there was sufficient corroboration of the testimony of an accomplice, according to statutory requirements, is first to eliminate the evidence of the accomplice and then, if upon ex-

amination of all the other evidence there is sufficient inculpatory evidence tending to connect the defendant with the commission of the offense, there is sufficient corroboration.' 2 Wharton, Criminal Evidence § 752, 11th Ed."

Thus, we shall examine the evidence introduced at trial other than that of the accomplice which tends to connect the defendant with the commission of the offense.

John Hale testified that, within a short time of the shooting, he saw the defendant enter the home of Clyde Nathan and return with a gun wrapped in a leather coat which was placed in the defendant's car; that about an hour and a half later, he again saw the defendant who at that time appeared to be in an agitated state, and the defendant stated "He had rubbed the dude out."

Sandra Smith testified that shortly before the time of the shooting she saw the defendant and Burton together in an automobile.

Mona Sabrina Harris testified that she knew both the defendant and Burton, and that on the evening of the shooting, she was at Clyde Nathan's house and saw the defendant get a sawed-off shotgun from a closet and hand it to Burton.

■ There were other tendencies of the evidence which more loosely connected the defendant with the crime; however, without regard to them or to the fact that the day following the shooting the defendant left the state, we are persuaded that there was ample testimony, if believed by the jury, to afford that degree of corroboration required by law to support the conviction.

■ The appellant further argues in brief that the evidence was insufficient to support the conviction because of the proven bias, and interest of the witnesses who testified against him. He argues that because John Hale and Burton were first cousins and lived together, and further because Sandra Smith and Mona Sabrina Harris were the girl friends of Hale and Burton, that they were not worthy of belief. There is no merit in this argument because the credibility of witnesses is solely for the jury and not a matter of review on appeal.

■ Appellant further contends that reversible error attended the trial court's admission into evidence of certain gruesome photographs. We are not in accord with appellant's position in this regard. Photographs are not inadmissible merely because they are cumulative of other evidence. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; McKee v. State, 33 Ala.App. 171, 31 So.2d 656. A photograph, though gruesome and inflammatory in nature, is admissible if it has a reasonable tendency to prove or disprove some material fact in issue. Baldwin v. State, 282 Ala. 653, 213 So.2d 819; McKee v. State, supra.

The judgment appealed from is therefore due to be and is hereby

Affirmed.

All the Judges concur.