291 So.2d 373

**Dillard TILLMAN, Jr.**

**v.**

**STATE.**

**1 Div. 399.**

Court of Criminal Appeals of Alabama.

Jan. 29, 1974.

Rehearing Denied March 5, 1974.

M. A. Marsal, B. Nicholas Kearney and John J. Pilgrim, Mobile, for appellant.

William J. Baxley, Atty. Gen., and Daniel J. Thompson, Jr., Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant, indicted for killing his wife under circumstances as to constitute murder in the first degree, was convicted of murder in the second degree with punishment fixed by the jury at twenty-five years imprisonment. This appeal is from a judgment pursuant to the jury's verdict.

We think it would be burdensome to delineate the evidence beyond that which is reasonably necessary to illustrate the points which appellant submits and argues are error to reverse the judgment in the lower court. We reviewed the entire record as mandated by law, including appellant's contentions of error, and conclude, after considering the excellent briefs submitted by both parties to this appeal, that the rulings of the trial court were free of error and that the judgment should be affirmed.

The tragic homicide took place in the home of the defendant and his wife (the victim) late in the night on December 2, 1970, or early in the morning of December 3, 1970. Present in the home at the time were the victim's sister, Delia Thomas, and her husband, Willie Thomas. All four of the parties were drinking beer and gin which contributed to the conviviality of the occasion and also to the flare-up of tempers on part of the defendant and his wife.

This flare-up was sparked by a conversation over the phone between the defendant and his "girlfriend." Defendant's pistol appeared on the scene and was fired, which resulted in the death of the defendant's wife.

There was material conflict in the evidence as to whether the defendant had possession of the gun and used it to kill his wife while they were physically struggling

with each other on the floor of their home. Defendant's evidence, while on the witness stand, was to the effect that his wife produced and had possession of the pistol while he was struggling to take it away from her; that during the struggle the pistol was accidentally fired and killed her.

The sister of the deceased, Delia Thomas, testified inter alia that the defendant had possession of the pistol, had his wife on the floor where he was physically abusing her, and that he fired the pistol at his wife thereby killing her.

There was a marked conflict in the evidence as to whether the killing was accidental as the defendant contended or the result of an intentional act on part of the defendant. The jury heard all the evidence, much in detail, and resolved the conflicts against the defendant and in favor of the state. There is no occasion for this court to disturb this factual resolution. In fact, appellant did not so contend in the trial court. There was no motion for a new trial.

Appellant here insists that the trial court erred to his prejudice while the prosecuting attorney cross-examined his character witnesses. He also contends there was error in admission of some rebuttal evidence, to which we will hereafter make reference.

The first of the character witnesses was one Bert L. Vines, who testified that the defendant's general reputation was good; that his general reputation for telling the truth was good; that it was good for peace and quiet.

On cross-examination, the prosecutor asked the witness if he had heard "prior to this date and prior to May 3, 1970 that the defendant was arrested for disorderly conduct for shooting at his wife?" The defendant made an appropriate and timely objection which the court overruled. The witness answered "No, sir." Then the prosecutor asked the witness, "had you known that, Mr. Vines, would your opinion be different as to his reputation?" The

trial court sustained defendant's objection to this question which was not answered.

■ There was no error in overruling the defendant's objection to the first question as to what the witness had heard. Mullins v. State, 31 Ala.App. 571, 19 So.2d 845, 847, 848, approved this type of question. We quote:

"Confusion sometimes arises in distinguishing between the right to cross-examine a witness who testifies to good character as affecting his creditability and the prohibition against inquiring as to specific conduct. In the former inquiry it is complying with the rule for the opposing counsel to ask the witness if he has not heard of certain misbehavior which would tend to mitigate against the character of the person whose good repute the witness is seeking to uphold. This is allowed for the reason that an adversary has the right to test the accuracy, creditability and sincerity of a witness when the privilege of cross-examination is exercised.

"In other words, on cross-examination of a witness who has testified as to the general good character of defendant, it is permissible to ask the witness if he had not heard it reported in the community that the defendant had committed certain unworthy acts, naming them, but this even is not allowed for the purpose of affecting the character of the defendant but as evidence affecting the creditability of the witness testifying to good character. Carson v. State, 128 Ala. 58, 29 So. 608; William v. State, 144 Ala. 14, 40 So. 405; Smith v. State, 103 Ala. 57, 15 So. 866. *Such examination is also permitted for the purpose of either showing that the witness was mistaken in his estimate, or for shedding light on his estimate of such character.* Stout v. State, 15 Ala.App. 206, 72 So. 762." (Emphasis added)

Thereafter, the prosecutor propounded to several character witnesses for the defend-

ant the same type of questions as shown, supra. With respect to question two, the prosecutor was directing his question to find out if the witness had known that the defendant had on a prior occasion, about five months before the fatal shooting, tried to shoot his wife, would his testimony be the same.

■ We fail to find any objection on the part of the defendant to these questions directed to the several character witnesses. In the absence of an objection and a ruling of the trial court, this court will not review the legal propriety of the questions. Shepard v. State, 20 Ala.App. 627, 104 So. 674; Fendley v. State, 36 Ala.App. 149, 53 So.2d 397, cert. den. 255 Ala. 656, 53 So.2d 398; Alabama Digest, Volume 7, Criminal Law, ☜1028.

The next issue here presented is the admission in evidence, at the instance of the prosecution in rebuttal and over the timely and appropriate objection of the defendant, that the defendant, on an occasion about five months prior to the tragedy here involved, did in fact physically assault and shoot his wife—the victim involved in this appeal. Some details of this particular attack were admitted in evidence. The prosecutor also offered evidence that on another occasion, shortly before the tragedy here involved, the defendant assaulted and beat his wife and forced her into an automobile.

■ We think the admissibility of this evidence, supra, relating to the attacks by the defendant on his wife, supra, is sustained by Wright v. State, 279 Ala. 543, 188 So.2d 272. Therein the Supreme Court held the testimony of rebuttal witnesses as to the defendant's choking his wife some eleven days before she was fatally shot by the defendant was admissible on issues of animus and intent of the defendant at the time of the shooting and

whether the shooting (as this appellant contends) was an accident. See also Padgett v. State, 49 Ala.App. 130, 269 So.2d 147, cert. den. 289 Ala. 749, 269 So.2d 154.

The Supreme Court in *Wright*, supra, quoted with approval from Dodd v. State, 32 Ala.App. 504, 27 So.2d 259:

"'The demarcation between the fact, or highlights, of a former difficulty, and its details, is indeed a tenuous and vague division. A measure of discretion should and must be allowed the trial judge in determining the extent of detailing necessary to picture and constitute the fact. Brothers v. State, 236 Ala. 448, 183 So. 433.'"

In addition, the Supreme Court cites Spain v. State, 37 Ala.App. 311, 68 So.2d 53. We quote further from *Wright*, supra, as follows:

"We are in accord with the views expressed in the opinions of the Court of Appeals in *Dodd* and *Spain*, and Mahaley supra, to the effect that much must be left to the sound discretion of the trial judge as to the limits of detailing a former difficulty. We are unwilling to say in the present instance that the trial court abused its discretion in the rulings made."

We conclude that the rulings of the trial court were free of any error that was prejudicial to the defendant.

The judgment is due to be and the same is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.