Appellant-defendant, an indigent below with appointed counsel, and here with the same economic and trial status, was convicted of roadside robbery pursuant to an indictment therefor. He entered a plea of not guilty: The jury fixed punishment at twelve years imprisonment in the penitentiary. Judgment was entered therefor and this appeal is taken therefrom.
The alleged robbery occurred in the early morning hours of the night at a road-side point in Jefferson County, whereat the victim, Reginald Darty, in response to a signal from the occupants of a motor vehicle in which defendant was riding, stopped to render aid. The evidence tended to show that the three occupants of the immobilized motor vehicle had some car trouble at a night spot a few minutes before, where the victims had come in contact with them and there offered them assistance. At the invitation of one of the occupants he followed them.
When Darty stopped on the roadside to render assistance, appellant-defendant, whom the victim identified in court, severely assaulted and beat him about the head, to the extent he was powerless to resist. Defendant, so Darty testified, was a party to the theft of the money and personal property described in the indictment.
Defendant defended on the ground he was not present and was not a party to the alleged robbery. He contended that he and another relative had a fight that night which accounted for the bruised condition of his hands which were photographed after his arrest a day or two later. Defendant's mother testified about this alleged fight of her son, the defendant, with her brother in her yard that night. The son and the brother were about the same age. Alcoholic inebriation of the parties was involved.
The State, during the trial, offered two identified photographs of the victim's battered and bruised head. Defendant's objection was overruled. We quote the objection:
 "Q. We offer both of these as State's Exhibit 1 and State's Exhibit 2.
 "MR. RICE: Judge, we object to the admission of these. There's no question about the man being robbed. These pictures serve no purpose except to prejudice the jury.
"THE COURT: overruled."
The objection was properly overruled. The indictment charges that the described property was taken from the victim against his will ". . . by violence to his person . . .", etc. A photograph, though gruesome and inflammatory in nature, is admissible if it has a reasonable tendency to prove or disprove some material fact in issue. Violence on the person of the victim was an issue in this case. Hall v. State, 50 Ala. App. 666, 282 So.2d 104 (1973). The ruling of the court was correct.
Appellant's contention is that he is entitled to a reversal because of the trial court's repetitive use in its oral charge "of the word `guilt', which invaded `the providence (sic) of the jury'", negating the defendant's presumption of innocence.
The record fails to show any objection or exception by the defendant or his counsel to the alleged repetitive use of the word "guilt", such use is not here reviewable in the absence of an objection or exception. It cannot be raised for the first time on appeal. Morgan v. State, 20 Ala. App. 467, 103 So. 76;Allison v. State, 281 Ala. 193, 200 So.2d 653; Loggins v.State, 52 Ala. App. 204, 290 So.2d 665. Ala. Digest, Vol. 7, Criminal Law 1038 (1). *Page 173 
Appellant's asserted errors by the trial court, according to our review, have no merit. We have read the record and conclude that the judgment should be affirmed. It is so ordered.
The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.
The judgment below is hereby
AFFIRMED.
All the Judges concur.