TOM BRINDLEY COGGIN, Circuit Judge.
Appellant was indicted by the Grand Jury of Marion County, Alabama, for the first degree murder of Charles Woodrow Pharr, by shooting him with a rifle. The jury returned a verdict of guilty of manslaughter in the first degree and fixed appellant’s punishment at ten years in the penitentiary.
Upon appeal two issues were raised by the appellant. The first being whether or not the trial court erred in granting the State’s challenge for cause of a member of the venire because of his opinion concerning penitentiary confinement and the second being whether or not the trial court erred in allowing into evidence two gruesome pic *508 tures of the deceased taken at the scene of the crime, the appellant having stipulated that on the date of the death, appellant did in fact shoot the decedent with a rifle; that he fired three times, and that each of the three bullets entered the body of Woodrow Pharr and caused his death.
With regard to the first issue which concerns the granting of the State’s challenge for cause of the venireman, Roy Clay, the following occurred:
“MR. GUYTON: Is there any member of the jury that feels that, regardless of what the evidence from the stand was, no matter how overwhelming the evidence was, that you just feel like you couldn’t send a man to the penitentiary for the rest of his life? That you are so opposed to penitentiary confinement that it just goes against the grain? Is there any member that fits in that category?
“JUROR ROY LEE CLAY: (holds up hand.)
“JUROR ARTHUR WAYNE NELSON: (Holds up hand).
“MR. GUYTON: Do you feel like you just couldn’t put a man in jail?
“JUROR NELSON: Not for life.
“MR. GUYTON: Anyone else in that category? It just goes against your grain? “Is there any member of the jury panel that is opposed to any type of penitentiary punishment? Any member of the jury panel that feels you couldn’t send a man to the penitentiary for any length of time, regardless of what the evidence shows?
“MR. GUYTON: Comes now the State and does challenge for cause the following members of- the jury venire: Roy Clay and Wayne Nelson, who said they could not imprison a defendant for life

“MR. ATKINSON: I would like to inquire further. Again, this is not for the purpose of embarrassing anyone in any way, because you are entitled to your belief concerning penitentiary punishment, but it is an important issue and I would like to inquire further, particularly as to Mr. Clay and Mr. Nelson. Let me ask you this: You know the defendant is charged with murder in the first degree and the punishment under the indictment could be up to life imprisonment, and I believe that you two gentlemen answered previously that you had strong reservations about imposing penitentiary punishment for life, so I would like to ask you this: Would the fact that you are opposed to penitentiary punishment for life so bias your opinion, should you sit on this jury in the case, that regardless of the evidence . . . regardless of what the evidence might be in this case that you just simply would not vote to give a penitentiary sentence for life if you were to sit as a juror on this case. Mr. Clay?
“MR. ROY CLAY: I have never been on anything like that before, but putting anybody away for life, I just couldn’t do it . .
“MR. ATKINSON: All right, Mr. Nelson. (To the Court) Again, the State would like to renew its challenge for cause to Roy Clay for the same reason given in its previous challenge for cause regarding Mr. Clay, and, further, for the reason that in response to the question that his feelings toward life imprisonment would so bias his opinion that, regardless of the weight of the evidence, he would not as a juror vote to impose life imprisonment. Now, that is as to Mr. Clay only.
“THE COURT: The challenge is granted and he is stricken.
“MR. DAVIS: Exception.
Title 30, Section 57, Code of Alabama 1940, recompiled 1958, as last amended, states that on the trial of any offense which may be punished capitally or by imprisonment in the penitentiary, it is a good cause for challenge by the State that the person has a fixed opinion against capital or penitentiary punishments. That statute has been interpreted for us by the United States Supreme Court in Boulden v. Holman, Warden, 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 and by our Supreme Court *509 in Jackson v. State, 285 Ala. 564, 234 So.2d 579 plus others. Both cases concerned a prospective juror’s opinion as to capital punishment rather than penitentiary punishment but the reasoning behind these decisions certainly applies here. The above cited cases make it clear that a general question concerning a prospective juror’s “fixed opinion” will not suffice but that the juror must be examined so as to determine if his opposition is such that he would not inflict a death sentence regardless of the evidence and the instructions of the Court as to the governing law. Likewise, it would appear that (and this Court does hold) that a general question concerning the juror’s “fixed opinion” about penitentiary confinement will not suffice. Instead he should be examined further to determine if his opposition is such that he would not inflict penitentiary confinement regardless of the evidence and instructions of the Court as to the law. Such was done in this case and no error appears in the record.
The appellant argues that Venireman Clay expressed opposition to penitentiary confinement for life as opposed to penitentiary confinement itself and that there is no ground for challenge for opposition to life imprisonment. The statute does not specifically mention life imprisonment but does state that a fixed opinion against penitentiary punishment is a good ground for challenge. Certainly “penitentiary punishments” includes life imprisonment.
The second issue raised by appellant was that the trial court illegally admitted gruesome photographs of the deceased in that the appellant had stipulated to the shooting of deceased with a rifle, the number of wounds and the fact that they caused death.
The test in Alabama relative to this issue is that photographs are properly admitted into evidence if they strengthen or give character to other evidence sustaining the issues in the case. Knight v. State, 273 Ala. 480, 142 So.2d 899; Baldwin v. State, 282 Ala. 653, 213 So.2d 819; Nichols v. State, 267 Ala. 217, 100 So.2d 750. Searching the record, it is clear that the photographs introduced were relevant, material, and give character to other evidence at the trial. The appellant relied upon self-defense. The photographs went to the totality of the evidence at trial relative to the issue of self-defense. No error appears.
Further under the duty imposed upon this Court, the entire record has been considered and from this examination no errors appear.
The foregoing opinion was prepared by TOM BRINDLEY COGGIN, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended. The court has adopted the opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur.