The appellant was indicted and convicted for the first degree murder of James Ralph Driver. Sentence was set at life imprisonment.
The appellant cites two instances of alleged error for a reversal of her conviction. The first question is whether three photographs taken at the scene of the crime and depicting the body of the deceased from different angles were properly admitted into evidence. Secondly, it is argued that the mere offer by the state to introduce a tape recording of an alleged statement made by the appellant to an investigating police officer, prior to properly establishing *Page 321 
a proper predicate for its admission, so prejudiced the jury as to prevent the appellant from receiving a fair trial.
The state proved a prima facie case of cold blooded murder in the first degree. James Ralph Driver, forty-eight years old, was shot six times in the back of the head and neck area and six times in the back portion of his body. One wound in the back was consistent with a "contact" or "near contact" type wound. The shots were fired from a .22 caliber revolver which held six shots. In order to reload this weapon it was necessary to unscrew a rod from the pistol and manually punch the spent cartridge cases out of the cylinder; then place the new cartridges in the cylinder, close the cylinder, and insert the rod into the pistol and screw it down. The killing occurred in the alley between Avenue C and D between 32nd and 33rd Streets in Ensley, Alabama, on August 20, 1975.
Under the state's evidence the appellant shot the deceased six times and then left the alley only to return within a short time and shoot him six more times.
The defense was one of self-defense. The twenty-year old appellant testified that she was living with and caring for seventy-eight year old Ira Vance who was crippled. On July 1st, the month before his murder, the deceased began staying at Mr. Vance's house. The appellant testified that, two weeks before the murder, the deceased and two other men raped her. Because they threatened to kill her if she told, she only reported the rape to her mother and did not go to the police. However, following this rape, both the appellant and the deceased still continued to live at the Vance house though the deceased did not spend every night there. Sometime after he raped her the deceased came into the appellant's room and placed a knife to her throat. The appellant testified that she saved herself from his advances only by threatening to cry out for Mr. Vance.
After this and one day before the murder the appellant stole a pistol from her mother because the deceased had threatened to kill her. The deceased allegedly told her that a man named George Embry was going to kill her by Wednesday.
On Wednesday night, the appellant saw the deceased in the alley walking in the same direction and ahead of her. She called him and told him that Mr. Vance did not want him in his house any longer. The deceased and the appellant "got to arguing real bad" and the deceased slapped her and said, "Bitch, I'm going to kill you". The appellant testified that the deceased then turned to pick up something off the ground and at that time she pulled her pistol and started shooting. She fired until the pistol was empty and then seeing that he was still alive, reloaded the weapon and fired six more shots into the back of his body.
 I
Photographs are admissible in evidence if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence or to corroborate or disprove some other evidence offered or to be offered. Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973);Knight v. State, 273 Ala. 480, 142 So.2d 899 (1962); Lewis v.State, 339 So.2d 1035 (Ala.Cr.App.), cert. denied339 So.2d 1038 (Ala. 1976). Photographs depicting the character and location of external wounds on the body of the deceased victim are admissible even if they constitute cumulative evidence based upon an undisputed matter. Ellenburg v. State,353 So.2d 810 (Ala.Cr.App. 1977); Davis v. State, 338 So.2d 507
(Ala.Cr.App. 1976).
The pictures objected to were merely three different views of the body of the deceased as he was found in the alley. Though somewhat similar, they are not identical. Each picture was taken at a different angle and at a different distance from the body. Exhibit 3 shows the entire side of the head (and injuries thereto) while Exhibits 4 and 5 do not. Exhibit 4 reveals all the wounds on the body of the deceased and Exhibit 5 is a closer view of a portion of the deceased's head. The trial judge did not abuse his discretion in allowing these *Page 322 
pictures, which had been properly identified, into evidence.
 II
The appellant contends that the mere offer into evidence by the state before establishing the proper predicate and chain of custody for a tape recording of a statement made by the appellant was so prejudicial as to require a reversal. This contention is without merit.
The various statements the appellant had made were fully explored and used by the state in impeachment attempts on cross examination of the appellant.
Most importantly, however, defense counsel's objection to the offer of the tape was sustained. The court ruled in defendant's favor and no corrective action or instructions were requested. Absent an adverse ruling this court has nothing to review. A defendant cannot complain on appeal of a ruling sustaining his own objection to the admission of evidence offered by the state. Alexander v. State, 37 Ala. App. 533, 71 So.2d 520
(1954); see also McGhee v. State, 41 Ala. App. 669, 149 So.2d 1, affirmed, 274 Ala. 373, 149 So.2d 5 (1962). There was no objection to the mere offer of evidence as being prejudicial presented in the trial court. There was no request to have the jury instructed to disregard any such offer. Simply, there was no adverse ruling or objection made on this point. Objections cannot be raised for the first time on appeal and where no objection is raised in the lower court there is nothing to review. Embry v. State, 283 Ala. 110, 214 So.2d 567 (1968);Nichols v. State, 267 Ala. 217, 100 So.2d 750 (1958); Pugh v.State, 247 Ala. 535, 25 So.2d 417 (1946).
In the absence of objection and adverse ruling by trial court, this court will not review the legal propriety of the question. Calhoun v. State, 343 So.2d 1 (Ala.Cr.App. 1977);Smiley v. State, 338 So.2d 491 (Ala.Cr.App. 1976); Tillman v.State, 52 Ala. App. 282, 291 So.2d 373 (1974).
We have searched the record on appeal in its entirety and found no error prejudicial to the rights of the defendant. Therefore the judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur.