Greg Goans was indicted for the first degree assault of Timothy Jenkins in violation of Alabama Code 1975, § 13A-6-20
(a)(3). Sentence was ten years' imprisonment. Although three issues are raised on appeal, only one deserves our attention.
The defendant contends that the State failed to present a prima facie case of first degree assault because there was no proof of "serious physical injury."
The defendant and Royce Dunn together assaulted Jenkins. It is undisputed that Dunn was the one who actually shot Jenkins with a .22 caliber pistol. Jenkins was shot in his right collarbone. He was treated at a hospital and released the same night. The only testimony concerning the severity of the wound came from the victim himself who testified: "My right collarbone. Pieces of the bullet hit at an angle and bounced out. It left little pieces in there and that is what they took out." Jenkins testified the pain was "not all that bad."
"Serious physical injury" is specifically defined by statute. Alabama Code 1975, § 13A-1-2 (9): "Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
Here, there was no evidence of "serious physical injury" as defined by statute. See Caine v. State, 453 So.2d 1081, 1082
(Ala.Cr.App. 1984). The judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur. *Page 483