540 So.2d 99 (1988)
Bradford Howard COWAN
v.
STATE.
1 Div. 538.
Court of Criminal Appeals of Alabama.
September 20, 1988.
On Return to Remand February 24, 1989.
*100 James H. Sweet, Daphne, for appellant.
Don Siegelman, Atty. Gen., and Sandra Lewis, Asst. Atty. Gen., for appellee.

ON APPLICATION FOR REHEARING
McMILLAN, Judge.
This Court's original opinion of December 29, 1987, is hereby withdrawn and the following is substituted therefor:
The appellant was convicted of assault in the first degree in violation of § 13A-6-20, Code of Alabama (1975), which reads as follows:
"(a) A person commits the crime of assault in the first degree if:
"(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument...."
He was thereafter sentenced to ten years' imprisonment and ordered to pay $617.28 in restitution and $3,000.00 to the Crime Victim's Compensation Fund. He now argues that the State failed to prove that the victim suffered "serious physical injury," and, therefore, that his motion for acquittal should have been granted.
"Serious physical injury" is defined in § 13A-1-2(9) as follows:
"Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
The record in the case at bar indicates that an altercation occurred involving the appellant and the victim in a Hardee's restaurant. A few minutes later, while in the parking lot, the appellant put a .27 caliber pistol "against [the victim's chest] and fired it." The victim testified that following the shooting he applied pressure to his chest and went to a hospital, where he remained overnight. He stated, "[I] was discharged, but [I] wasn't satisfied, because [I] laid in the hospital bed 24 hours before the surgeon looked at me." (Emphasis added) According to the victim, the bullet was still in his chest. There was no further testimony regarding the extent of the victim's injury, nor was there testimony regarding any disfigurement or impairment of health as a result of the shooting.
The appellant has appropriately cited Goans v. State, 465 So.2d 482 (Ala.Cr.App. 1985), wherein this Court held that a victim who was shot with a .22 caliber pistol in the collarbone did not prove serious physical injury. In that case, the bullet hit the victim's collarbone. The victim in that case testified: "It left little pieces in there and that is what they took out" and "[the pain was] not all that bad." Id., at 482. Unlike *101 Goans, in the present case, there was no evidence as to the extent of pain or injury suffered by the victim. In fact, the victim's own testimony indicates that his overnight stay was partly due to the fact that a surgeon could not see him until the next day. While there was evidence that the victim's chest incurred "physical injury," as that term is defined in § 13A-1-2(8), the State has not shown evidence of "serious physical injury." Caine v. State, 453 So.2d 1081, 1082 (Ala.Cr.App.1984).
The record indicates that the trial court instructed the jury on assault in the second degree, which is defined by § 13A-6-21, Code of Alabama (1975), as follows:
"(a) A person commits the crime of assault in the second degree if:
". . .
"(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument...."
Because the evidence was sufficient to support a finding of assault in the second degree and the jury was properly instructed on that offense, this conviction is due to be reversed and the trial court is instructed to enter a judgment of guilty on the lesser included offense of assault in the second degree. See Ex parte Edwards, 452 So.2d 508 (Ala.1984); Pack v. State, 461 So.2d 910, 918 (Ala.Cr.App.1984).
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
All Judges concur.

ON RETURN TO REMAND
McMILLAN, Judge.
This cause was remanded to the trial court with instructions to enter a judgment of guilty on the lesser-included offense of assault in the second degree. Cowan v. State, 540 So.2d 99 (Ala.Cr.App.1988). The case action summary has been returned to this court, stating that the defendant was adjudged guilty of the offense of assault in the second degree and was sentenced to ten years in the State penitentiary. The sentence was suspended and the defendant was placed on five years of supervised probation. He was further ordered to pay $869.40 to the Alabama Crime Victims Compensation Fund and a fine of $1000 plus court costs. Therefore, this cause is due to be affirmed.
OPINION EXTENDED; AFFIRMED.
All Judges concur.