612 So.2d 1323 (1992)
Ky Van VO
v.
STATE.
CR 91-907.
Court of Criminal Appeals of Alabama.
September 30, 1992.
Rehearing Denied November 13, 1992.
Certiorari Denied February 19, 1993.
*1324 Peter Mackey, Mobile, for appellant.
James H. Evans, Atty. Gen., and Randall McNeill, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1920350.
TAYLOR, Judge.
The appellant, Ky Van Vo, was convicted of murder, a violation of § 13A-6-2, Code of Alabama 1975, and of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. He was sentenced to life in prison on the murder conviction and 20 years in prison on the assault conviction. The state's evidence tended to show that the appellant shot and killed Thuy Nang Nguyen and that he shot Thong Nang Nguyen in the arm. He presents four issues for review on appeal.

*1325 I
The appellant argues that the circuit court erred in denying his motion for a judgment of acquittal at the close of the state's case. He contends that the state failed to prove a prima facie case of assault in the first degree. Section 13A-6-20, Code of Alabama 1975, provides in pertinent part:
"(A) A person commits the crime of assault in the first degree if:
"(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."
(Emphasis added.) Our legislature, seeking to differentiate the degrees of severity of wounds, has defined the term "serious physical injury" as:
"[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
§ 13A-1-2(9), Code of Alabama 1975.
The appellant argues that the state did not prove that the victim's wound was a "serious physical injury," as defined in § 13A-6-20. In common parlance, almost every gunshot wound would be considered a "serious physical injury"; however, we must determine whether the wound in this case meets the statutory definition of "serious physical injury" that our legislature enacted in § 13A-1-2(9). The state did not offer any evidence that Thong Nang Nguyen suffered a "serious physical injury," as described in the statute. The evidence tended to show that the appellant shot Thong Nang Nguyen in the arm, but no evidence was presented to show that the injury subjected Thong Nang Nguyen to a "substantial risk of death," or caused him "serious and protracted disfigurement" or "protracted impairment of health or protracted loss or impairment of the function of any bodily organ." § 13A-1-2(9). The trial transcript contains no evidence that the gunshot wound to Thong Nang Nguyen's arm was a "serious physical injury" as defined by our legislature in § 13A-1-2(9).
The state contends that the statement that "any penetrating gunshot wound can result in serious complications," which was made during the coroner's testimony regarding Thuy Nang Nguyen's death, was sufficient evidence from which the jury could find that Thong Nang Nguyen's gunshot wound was a "serious physical injury." However, this statement does not imply that every gunshot wound is a serious injury; no other evidence was offered to show that the wound to Thong Nang Nguyen was a "serious physical injury." The coroner's testimony alone was not sufficient for the jury to determine that Thong Nang Nguyen's injury was a "serious physical injury" as required by § 13A-6-20 for assault in the first degree.
Applying the legislative yardstick set out above, this court has previously held that a bullet wound itself is not a "serious physical injury," as that term is defined in § 13A-1-2(9). In Davis v. State, 467 So.2d 265 (Ala.Cr.App.1985), the victim was shot in her hand and in her arm. She was treated for her injuries and was released from the hospital the same day. This court held that there was not sufficient evidence to support a conviction of first degree assault because there was no "serious physical injury."
Similarly, in Goans v. State, 465 So.2d 482 (Ala.Cr.App. 1985), this court found there was insufficient evidence for a conviction of first degree assault where the victim was shot in his collarbone. The victim was treated and was released from the hospital the same night and did not experience great pain. The court stated that "there was no evidence of `serious physical injury' as defined by statute." Goans, 465 So.2d at 482.
In Collins v. State, 508 So.2d 295 (Ala.Cr.App.1987), this court determined that a victim had not suffered "serious physical injury" when his head was grazed by a bullet. The victim testified that his injury was not serious and that the only treatment that he received was a tetanus shot.
Also, in Cowan v. State, 540 So.2d 99 (Ala.Cr.App.1988), the victim was shot in the chest and was hospitalized overnight.
*1326 There was no evidence offered at trial to show the extent of his pain or injuries. This court held that there was not sufficient evidence for a first degree assault conviction because there was no proof of a "serious physical injury" as that term is defined in § 13A-1-2(9).
These prior decisions all recognize the line between first and second degree assault, based entirely on the legislature's definition of "serious physical injury." In accordance with prior case law, we are compelled to hold that Thong Nang Nguyen's injury was not a "serious physical injury," and that, therefore, the appellant could not be found guilty of assault in the first degree.
We recognize that it is necessary for the legislature to draw some reasonable line between the degrees of seriousness of injuries. There was no testimony in this case regarding any permanent injury, loss of use, or disfigurement, which would enable this court to treat the action causing the injury as a Class B felony. There was, however, sufficient evidence to convict the appellant of assault in the second degree as defined in § 13A-6-21, Code of Alabama 1975. That section provides, in pertinent part:
"(a) A person commits the crime of assault in the second degree if:
"...
"(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument."
A "physical injury" is "[i]mpairment of physical condition or substantial pain." § 13A-1-2(8), Code of Alabama 1975. The victim's injury in this case was a "physical injury" as defined by this statute.
The court instructed the jury on assault in the second degree, and the evidence was sufficient to support a conviction for this offense. Therefore, we remand this case to the Circuit Court for Mobile County and direct that court to set aside the appellant's conviction for assault in the first degree and to enter a judgment of guilty of assault in the second degree. See Cowan. We also direct the circuit court to sentence the appellant for this offense pursuant to the guidelines for a Class C felony.

II
The appellant argues that the circuit court erred in receiving certain photographs into evidence. The appellant contends that the photographs were inflammatory because of their depiction of blood and that they were not material or relevant to any issue in dispute. The photographs show the bloody area where the victim's body was found. The photographs helped illustrate the scene of the crime for the jury.
"As a general rule, photographs are admissible in evidence if they tend to prove or disprove some disputed or material issue, to illustrate or elucidate some other relevant fact or evidence, or to corroborate or disprove some other evidence offered or to be offered, and their admission is within the sound discretion of the trial judge. Fletcher v. State, 291 Ala. 67, 277 So.2d 882 (1973); Hopkins v. State, 429 So.2d 1146 (Ala.Crim.App.), cert. denied, 429 So.2d 1146 (Ala. 1983); Godbolt v. State, 429 So.2d 1131 (Ala.Crim.App.1983); Carpenter v. State, 400 So.2d 417 (Ala.Crim.App.), cert. denied, 400 So.2d 427 (Ala. 1981). Photographs which depict the character and location of external wounds on the body of a deceased are admissible even though they are cumulative and based upon undisputed matters. Wicker v. State, 433 So.2d 1190 (Ala.Crim.App.1983); Hopkins v. State; Hines v. State, 365 So.2d 320 (Ala.Crim.App.), cert. denied, 365 So.2d 322 (Ala.1978). The fact that a photograph is gruesome and ghastly is no reason to exclude its admission into evidence, if it has some relevancy to the proceedings, even if the photographs may tend to inflame the jury. Warrick v. State, 460 So.2d 320 (Ala.Crim.App.1984); Carpenter v. State; Richards v. State, 337 So.2d 171 (Ala.Crim.App.), cert. denied, 337 So.2d 173 (Ala.1976)."
Magwood v. State, 494 So.2d 124, 141 (Ala.Cr.App.1985); aff'd, 494 So.2d 154 (Ala.), *1327 cert. denied, 479 U.S. 995, 107 S.Ct. 599, 93 L.Ed.2d 599 (1986).
After looking at the photographs, we hold that there was no error in their receipt into evidence. The photographs showed the crime scene.

III
The appellant argues that the circuit court erred in refusing to charge the jury on the role of interpreters at the trial. Because most of the witnesses in this case were Vietnamese and spoke little or no English, the court appointed two interpreters for the trial, one for the state and one for the defense. On one occasion, the interpreter for the defense disagreed with the state's interpreter's interpretation of a state's witness's answer. There was much confusion as to the content of this witness's testimony.
The appellant requested that the court give his requested charge number 24 to the jury. That charge was as follows:
"Interpreters were used in this case to translate from Vietnamese to English and English to Vietnamese. If at any point the two interpreters disagreed over the testimony of any Vietnamese witness in this case, I charge you that you must determine, by your collective recollection and observation, what that witness actually testified to."
The court did not give that charge, but instead instructed the jury as follows:
"You as jurors have a duty to reconcile all of the testimony, if at all possible; in other words, make all the witnesses speak the truth. Frequently, that is not possible. In such an event, you must then determine for yourselves what the true facts are.
"In determining what the true facts are, you may take into consideration any natural interest or bias a witness may have as a result of any connection with the case.
"In determining that the true facts are, you may accept or reject any part of the testimony of any witness in the case. You may take into consideration the demeanor of the witness on the witness stand as to whether or not that witness has apparently testified frankly or evasively. You may, in short, use your own good common sense in trying to determine what the true facts are."
We find that the court's oral instructions substantially covered the points that the appellant's requested jury instruction contained. Both, in effect, are "common sense" charges. In Goodson v. State, 588 So.2d 509, 515 (Ala.Cr.App. 1991), this court stated that "[n]o error occurs in the denial of a requested charge that is substantially covered in the court's oral instructions." The circuit court did not err in refusing to give the appellant's requested charge.

IV
Last, the appellant argues that he was denied his constitutional right to a speedy trial. He contends that the circuit court erred in granting the state's request to continue the trial over his objection on May 30, 1991. The appellant was arrested on November 6, 1990, and his trial was set for April 15, 1991. It was continued until May 30, 1991. At that time, the state requested that the trial be continued because one of its witnesses, Officer Bryant Myles, was hospitalized. The court granted the continuance over the appellant's objection. The case was set for trial on September 23, 1991. The trial date was reset three more times until this case went to trial on February 18, 1992. There are no reasons given in the record for these delays; however, the last of these delays was "by agreement."
The United States Supreme Court in Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2192, 33 L.Ed.2d 101 (1972), set forth four factors to consider in determining whether a defendant was denied his right to a speedy trial. These are (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his rights, and (4) prejudice to the defendant.
In looking at the length of the delay, we look at the amount of time between the issuance of a warrant of arrest and the trial. Vincent v. State, 607 So.2d 1290 (Ala.Cr.App. 1992). The appellant was *1328 arrested on November 6, 1990, and he went to trial on February 18, 1992. This period of time was 15 months and 12 days. A 15-month delay, as the appellant concedes, is not presumptively prejudicial. See Dykes v. State, 452 So.2d 1377 (Ala.Cr.App.1984).
The second factor requires that we consider the reason for the delay. One delay was caused because one of the state's witnesses was in the hospital. This court stated in Lewis v. State, 469 So.2d 1291, 1294 (Ala.Cr.App.1984), aff'd, Ex parte Blake, 469 So.2d 1301 (Ala.1985), that "a continuance due to the hospitalization of a prosecution witness was appropriate and the delay was justifiable." This is a "`neutral' reason" for delay and is not weighed against the state. Lewis at 1294. The record contains no clear reason for the other delays, excluding the delay that was by agreement.
Next we must look at the appellant's assertion of his rights. From the record, it appears that the appellant objected to only one continuance and that was the only time that he asserted his right to a speedy trial. Although the appellant asserted his right only once, we will weigh this factor in his favor because he did in fact object to a continuance and stated that he did "not waive any rights to a speedy trial."
Last, we must look at any possible prejudice to the defendant. It does not appear from the record that the appellant was prejudiced by the delay. In fact, he was free on bond the entire time. The appellant contends in his brief that "he lived under the constant fear that a conviction... would subject him to lengthy incarceration" and that "he had to undergo the frustration of dealing with the justice system which he did not understand and was educationally ill-equipped to deal with." The appellant has shown no prejudice here.
Considering all of the Barker factors, with emphasis on the length of the delay, we find that the appellant's constitutional right to a speedy trial was not violated.
As directed in part I of this opinion, this cause is remanded to the Circuit Court for Mobile County. Due return should be filed with this court at the earliest possible time and within 28 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
PATTERSON, P.J., and BOWEN, J. concur.
MONTIEL, J., dissents with opinion and McMILLAN, J., joins in that dissent.
MONTIEL, Judge, dissenting.
I believe that the majority has incorrectly defined what is required to constitute "serious physical injury" and I vote to overturn this court's line of cases which hold that a gunshot wound is not conclusively "serious physical injury."
I hereby vote to affirm the appellant's conviction of assault in the first degree.