620 So.2d 753 (1993)
M.T.R.
v.
STATE.
CR-91-1795.
Court of Criminal Appeals of Alabama.
January 22, 1993.
*754 Greg Reeves, Decatur, for appellant.
James H. Evans, Atty. Gen., and Robin Blevins, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, M.T.R., was adjudicated delinquent on the underlying offense of assault in the first degree, a violation of § 13A-6-20, Code of Alabama 1975. He was committed to the custody of the Alabama Department of Youth Services for a minimum of one year, as provided in § 12-15-71.1, Code of Alabama 1975.
The evidence tended to show that the appellant shot James Darden in the shoulder with a .32 caliber gun. Initially the victim did not realize he had been shot. When the police arrived, the victim was taken to the hospital by ambulance. The victim was treated for his injury and released from the hospital the same day, but the bullet was not removed at that time. The victim was scheduled to have the bullet surgically removed about a month after the trial in this case.
The appellant argues that the state failed to prove that he committed assault in the first degree as defined by § 13A-6-20, Code of Alabama 1975. Section 13A-6-20 provides, in pertinent part:
"(A) A person commits the crime of assault in the first degree if:
"(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."
(Emphasis added.) Specifically, the appellant contends that the state did not prove that the victim sustained a "serious physical injury." While in common parlance a bullet wound would ordinarily be considered a "serious physical injury," our legislature has defined a "serious physical injury" as a:
"Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
§ 13A-1-2(9), Code of Alabama 1975.
The state did not present any evidence that the victim here suffered a "serious physical injury" as that term is defined in § 13A-1-2(2). There is no indication in the record that the bullet wound ever endangered the victim's life or caused protracted impairment of health. There was no evidence that the bullet wound caused "serious and protracted disfigurement" or "protracted loss or impairment of the function of any bodily organ." § 13A-1-2(9).
We recently addressed a similar situation in Vo v. State, 612 So.2d 1323 (Ala.Cr.App. 1992). In Vo the victim was shot in the arm, but the state did not present any evidence that the victim's wound was a "serious physical injury" as that term is defined by § 13A-1-2(9). We were compelled to hold that Vo could not be guilty of assault in the first degree because there was no evidence that the victim suffered a "serious physical injury."
As we stated in Vo:
"... this court has previously held that a bullet wound itself is not a `serious physical injury,' as that term is defined in § 13A-1-2(9). In Davis v. State, 467 So.2d 265 (Ala.Cr.App.1985), the victim was shot in her hand and in her arm. She was treated for her injuries and was released from the hospital the same day. This court held that there was not sufficient evidence to support a conviction of first degree assault because there was no `serious physical injury.'
"Similarly, in Goans v. State, 465 So.2d 482 (Ala.Cr.App.1985), this court found there was insufficient evidence for a conviction of first degree assault where the victim was shot in his collarbone. The victim was treated and was released from the hospital the same night and did not experience great pain. The court stated that `there was no evidence of "serious physical injury" as defined by statute.' Goans, 465 So.2d at 482.

*755 "In Collins v. State, 508 So.2d 295 (Ala.Cr.App.1987), this court determined that a victim had not suffered `serious physical injury' when his head was grazed by a bullet. The victim testified that his injury was not serious and that the only treatment that he received was a tetanus shot.
"Also, in Cowan v. State, 540 So.2d 99 (Ala.Cr.App.1988), the victim was shot in the chest and was hospitalized overnight. There was no evidence offered at trial to show the extent of his pain or injuries. This court held that there was not sufficient evidence for a first degree assault conviction because there was no proof of a `serious physical injury' as that term is defined in § 13A-1-2(9)."
Vo, 612 So.2d at 1325-26.
Based on our legislature's definition of "serious physical injury" codified in § 13A-1-2(9) and on this court's prior decisions, we are compelled to hold that the state failed to prove that the appellant committed the crime of assault in the first degree. The evidence was sufficient, however, to find that the appellant committed the crime of assault in the second degree. Section 13A-6-21 provides in pertinent part that "[a] person commits the crime of assault in the second degree if ... he causes physical injury to any person by means of a deadly weapon...." The term "physical injury" is defined in § 13A-1-2(8) as "[i]mpairment of physical condition or substantial pain." Section 13A-1-2(11) also classifies a "firearm" as a "deadly weapon."
Although the appellant was not convicted of assault in the first degree, he was classified as a serious juvenile offender under § 12-15-71.1(a)(1)(b), because of the nature of the injury to the victim. This section states in pertinent part that:
"(a) The juvenile court may find a child to be a serious juvenile offender if:
"(1) The child is adjudicated delinquent and the delinquent act or acts charged in the petition would constitute any of the following if committed by an adult:
". . . .
"b. A felony resulting in serious physical injury [as defined in section 13A-1-2(9)]."
The juvenile court's adjudication of the appellant as delinquent was based on the finding that the appellant caused the victim "serious physical injury" and would thereby have been guilty of assault in the first degree had he been an adult. This cause is remanded for the juvenile court to adjudicate the appellant delinquent on the underlying offense of assault in the second degree. A review of § 12-15-71.1 reveals that the appellant would still be a "serious juvenile offender" under § 12-15-71.1(a)(1)(c), because of the deadly weapon used in the assault.
This cause is remanded to the juvenile court for Morgan County for proceedings not inconsistent with this opinion. Due return should be filed with this court within 28 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur except MONTIEL, J., who dissents with opinion.
MONTIEL, Judge, dissenting.
I adhere to my dissent in Vo v. State, 612 So.2d 1323 (Ala.Crim.App.1992). I believe that a gunshot wound to the arm is a "serious physical injury," particularly when surgery is required to remove the bullet.