COMMONWEALTH *vs.* FRANCISCO BERMUDEZ.

Worcester.    February 2, 1976. — June 10, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Homicide. Practice, Criminal,* Charge to jury. *Constitutional Law,* Waiver.

At the trial of an indictment for murder of the defendant's wife by shooting her following a three week separation when he went to see her and she, using obscenities, told him "I don't need you around here, I have got another man," but she made no reference to a specific act of adultery, there was no error in the judge's failure to charge that sufficient provocation existed to warrant a verdict of voluntary manslaughter. [439-442]

Warranted findings by the judge at a murder trial with respect to inculpatory statements made to police by the defendant indicated that he was fully informed of his constitutional rights and right to use a telephone, and that he made a knowing and intelligent waiver thereof. [442-443]

---

At a trial resulting in conviction of the defendant of murder in the second degree for shooting his wife, the record afforded no justification for this court to exercise its authority under G. L. c. 278, § 33E, to reduce the verdict to manslaughter, although the episode was an isolated event in the life of the defendant, who had no previous criminal record and had served with distinction in a war. [443]

INDICTMENT found and returned in the Superior Court on November 14, 1973.

The case was tried before *Hayer, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Richard S. Goldstein* for the defendant.

*James P. Donohue,* Assistant District Attorney, for the Commonwealth.

WILKINS, J.   The defendant was convicted of murder in the second degree for the killing of his wife. He challenges the judge's refusal to charge the jury on manslaughter and the admission of certain inculpatory statements. He also asks us to exercise our authority under G. L. c. 278, § 33E, to order the reduction of his degree of guilt to manslaughter. There was no error of law, and we see no occasion to exercise our power under § 33E in favor of the defendant.

1. The defendant argues that voluntary manslaughter was a permissible verdict on the evidence and that the judge should have charged the jury to that effect.

The defendant, who did not testify during the trial, urges that the facts disclosed in his admissions to the police on the day of the shooting would have warranted the jury in finding sufficient provocation to support the lesser charge of voluntary manslaughter. The defendant told the police that he had been separated from his wife for approximately three weeks; he went to see her; while there he went upstairs to see their baby; when he came downstairs, he told his wife that the baby needed his diaper changed; and, using an obscenity, she told him, "I don't need you around here, I have got another man." He asked her again to go upstairs to see the baby. Once more using

an obscenity, she told him to get out. He pulled out a gun and shot her.

Apparently, the victim did not state who the other man was. His identity may have been revealed in the course of an argument heard by two witnesses. The evidence would have warranted an inference that one of these witnesses was the other man and that he had asked the defendant to go to the victim's home to prove to the defendant that he (the witness) was living with the defendant's wife.

Voluntary manslaughter was not a permissible verdict because the evidence would not warrant a finding that sufficient provocation existed. The hostile and obscene character of the victim's statements clearly was not sufficient provocation. The well established rule in this Commonwealth is that "[i]nsults or quarreling alone cannot provide a reasonable provocation." *Commonwealth* v. *Zukoski, ante,* 23, 28 (1976). *Commonwealth* v. *Vanderpool,* 367 Mass. 743, 746 (1975). *Commonwealth* v. *Hartford,* 346 Mass. 482, 491 (1963).[1] The defendant argues, however, that the wife's intimation that she had committed adultery informed the defendant of an occurrence which, in all the circumstances, constituted sufficient provocation to support a manslaughter verdict.

The existence of sufficient provocation is not foreclosed absolutely because a defendant learns of a fact from oral statements rather than from personal observation. Although recently we made the broad statement that "words alone do not constitute adequate provocation" (*Commonwealth* v. *Vanderpool, supra* at 746), this rule has generally been applied in cases where any provocation arose exclusively from the statements themselves rather than from the information conveyed in those statements. *Commonwealth* v. *Vanderpool, supra* (victim called defendant

---

[1] This is the prevailing view elsewhere. See, e.g., *People* v. *Thompson,* 11 Ill. App. 3d 752, 757-758 (1973); *Lang* v. *State,* 6 Md. App. 128, 132, cert. denied, 254 Md. 719, cert. denied, 396 U.S. 971 (1969); *State* v. *Fulford,* 290 Minn. 236, 241 (1971); *State* v. *Mosley,* 415 S.W.2d 796, 799 (Mo. 1967). *State* v. *Watson,* 287 N.C. 147, 153-154 (1975); *Commonwealth* v. *Myers,* 419 Pa. 448, 451 n.6 (1965). But see *People* v. *Valentine,* 28 Cal. 2d 121, 143-144 (1946).

a liar). *Commonwealth* v. *Hartford,* 346 Mass. 482, 490
(1963) (argument with victim).[2] Some other jurisdictions,
which do not recognize offensive statements as constitut-
ing sufficient provocation to support a verdict of man-
slaughter, do recognize that information conveyed orally
may be sufficient provocation. *People* v. *Rice,* 351 Ill. 604,
609 (1933). *People* v. *Curwick,* 33 Ill. App. 3d 757, 759
(1975). *People* v. *Ahlberg,* 13 Ill. App. 3d 1038, 1041-1042
(1973) (wife declared that she had found another man).
*People* v. *Poole,* 159 Mich. 350, 353 (1909) (confession of
adultery). *Haley* v. *State,* 123 Miss. 87 (1920) (same).
*State* v. *Grugin,* 147 Mo. 39, 48-62 (1898) (admission to
rape of defendant's daughter). *Commonwealth* v. *Berry,*
461 Pa. 233, 238 (1975). *State* v. *Martin,* 216 S.C. 129,
140 (1949). *State* v. *Flory,* 40 Wyo. 184, 204-205 (1929).
See R. Perkins, Criminal Law 62-63 (2d ed. 1969); Model
Penal Code § 210.3 (1) (b) (Proposed Official Draft
1962), and the discussion in § 201.3 (5) Comment at 46-
47 (Tent. Draft No. 9, 1959);[3] Annot., 10 A.L.R. 470
(1921); *Campbell* v. *State,* 204 Ga. 399, 403 (1948). A
reasonable man can be expected to control the feelings
aroused by an insult or an argument, but certain incidents
may be as provocative when disclosed by words as when
witnessed personally. Therefore, we leave open the possi-
bility that, in an appropriate case, testing the defendant's
response on an objective standard, sufficient provocation

---

[2] In *Commonwealth* v. *Leate,* 352 Mass. 452, 458 (1967), a statement
conveying information that the victim had raped the defendant's girl
friend was said to be insufficient provocation, particularly since there
was no sudden transport of passion on the defendant's part.

[3] Under § 210.3 (1) (b) of the Model Penal Code manslaughter
would include any "homicide which would otherwise be murder . . . com-
mitted under the influence of extreme mental or emotional disturbance
for which there is reasonable explanation or excuse." (Proposed Official
Draft 1962). One reason given for this broad formulation was that "the
formulation sweeps away the rigid rules that have developed with re-
spect to the sufficiency of particular types of provocation, such as the
rule that words alone can never be enough. Given evidence of extreme
mental or emotional disturbance, the question whether it is based on
'reasonable explanation or excuse' may be confronted, as we think it
should be, in the light of all the circumstances in the case." Comment
at 46-47 (Tent. Draft No. 9, 1959).

may be found in information conveyed to a defendant by words alone.

Nevertheless, this is not such a case. Past adultery lacks the peculiarly immediate and intense offense to a spouse's sensitivities which has led courts to recognize present adultery as adequate provocation, and many courts have refused to recognize discovery of past adultery as sufficient provocation. *Palmore* v. *State,* 283 Ala. 501, 508 (1969). *Stewart* v. *State,* 234 Ga. 3 (1975). *Brown* v. *State,* 228 Ga. 215, 218 (1971). *People* v. *Pecora,* 107 Ill. App. 2d 283, 296 (1969), cert. denied, 397 U.S. 1028 (1970). *People* v. *Wax,* 75 Ill. App. 2d 163, 182 (1966), cert. denied, 387 U.S. 930 (1967). *State* v. *Ward,* 286 N.C. 304, 313 (1974) (no marriage). *Commonwealth* v. *Collins,* 440 Pa. 368, 374 (1970). See *Palmore* v. *State,* 253 Ala. 183, 185 (1949); *People* v. *Arnold,* 17 Ill. App. 3d 1043, 1047 (1974); *Warren* v. *State,* 243 Ind. 508, 513-514 (1963). Cf. *Maher* v. *People,* 10 Mich. 212, 224-225 (1862); *Denham* v. *State,* 218 Miss. 423, 429-430 (1953); *Holmes* v. *Director of Pub. Prosecutions,* [1946] A.C. 588, 599-601; 4 W. Blackstone, Commentaries *191-192.[4] In the present case, no reference was made to a specific act of adultery, and clearly any adultery occurred at a time remote from the shooting. Because sufficient provocation could not have been found on this record, no manslaughter instruction was necessary.

2. The defendant argues next that his motion to suppress certain statements made to the police should have been allowed. The judge made detailed findings concerning the circumstances in which the defendant made certain admissions to the police. These findings, which are amply supported by the evidence, indicate that the defendant was fully informed of his constitutional rights and of his right to use a telephone and that he made a knowing and intelligent waiver of those rights. It appears that the de-

---

[4] But see *Campbell* v. *State,* 204 Ga. 399 (1948); *Scroggs* v. *State,* 94 Ga. App. 28, 30 (1956); *Haley* v. *State,* 123 Miss. 87 (1920); *State* v. *Martin,* 216 S.C. 129, 140 (1949).

fendant said, on more than one occasion, that he understood his rights. There was no error in the denial of the motion to suppress.

3. Finally, the defendant urges us to exercise our power and duty under G. L. c. 278, § 33E, to reduce the verdict to manslaughter. Although this case involves a tragic circumstance, an apparently isolated event in the life of one who had no previous criminal record and who served with distinction in the Korean war, after a review of the entire record we see no justification for reducing the degree of guilt to manslaughter or otherwise exercising our authority under § 33E.

*Judgment affirmed.*