The appellant, Glen Davis, was indicted and convicted for the offense of assault in the first degree of his estranged wife, Chine Davis. Upon finding that the appellant had three prior felony convictions, the trial court sentenced him pursuant to the Habitual Felony Offender Act to life imprisonment.
The sole question before us is whether the prosecution sustained the charge of assault in the first degree by proving beyond a reasonable doubt that Ms. Davis sustained serious physical injury as a result of the assault by the appellant. The appellant was indicted under the statutory provision which provides that a person commits the crime of assault in the first degree if "[w]ith intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument." Ala. Code 1975, § 13A-6-20 (a)(1). "Serious physical injury" is "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." Ala. Code 1975, § 13A-1-2 (9).
The prosecution's evidence tended to show that as Ms. Davis was fleeing from her husband, he shot her with a pistol. The first shot went through Ms. Davis's left hand. The second bullet hit her right arm. After Ms. Davis was shot, she ran across her yard and the road, and was taken to the Moundville police station by a bystander. From there, she was taken to a local doctor, who transferred her to Druid City Hospital in Tuscaloosa. Mrs. Davis was treated at the hospital and released the same day. She later returned to have her bandages removed, but she has had no further problems, although the bullet in her arm was not removed. Ms. Davis testified that she bled, she felt pain, and she was seared. In addition, she showed her scars from her wounds to the jury.
Upon reviewing the total array of facts as set out above, we find that Mrs. Davis did not sustain any "serious physical injury." While we note that this determination is particular to the facts at hand, we find guidance in recent decisions of this court. The following cases are representative of facts supporting the jury's finding of "serious physical injury." InLawson v. State, 455 So.2d 99 (Ala.Cr.App. 1984), the second-degree assault victim was rendered unconscious with very low blood pressure from a puncture wound in the upper left portion of his chest, which, if left unattended, would have resulted in his death. As a result of this assault, the victim was hospitalized for two weeks. The court in Moore v. State,447 So.2d 1321 (Ala.Cr.App. 1984), determined that a stab wound within one inch of the victim's heart, which necessitated three weeks of hospitalization in intensive care was "serious physical injury." Likewise, in Thomas v. State, 418 So.2d 964
(Ala.Cr.App. 1982), the court concluded that the prosecution established that the first-degree assault victim received "serious physical injury" from two close range shots from a .32-caliber pistol. The court specifically noted that the evidence established that six wounds caused by the two *Page 267 
bullets caused "serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of [a] bodily organ." Id. at 965. The evidence was that, although the wounds were superficial, the victim remained in the hospital for two days, was ordered to remain in bed at home for two weeks, and still had recurring pain as a result of the wounds.
On the other hand, the following opinions illustrate those factual circumstances which in no way afford proof of "serious physical injury." Injuries sustained by beating the assault victim about the head with fists and the butt of a .25-caliber pistol were deemed to fall outside the statutory definition of "serious physical injury," by this court in Nelson v. State,462 So.2d 962 (Ala.Cr.App. 1984), where the victim did not see a doctor until the following morning and the injuries required no stitches. In Alvis v. State, 434 So.2d 859 (Ala.Cr.App. 1983), this court reversed the appellant's conviction and held that injuries resulting from a beating to the victim's head and chest did not constitute "serious physical injury," even though the victim had difficulty breathing, his rib cage was sore, and he coughed up blood. The court noted that the victim "suffered no broken bones, heart damage or other disfiguring injury and was in the hospital two and one-half days merely for observation. . . ." Id. at 862. See also Caine v. State,453 So.2d 1081 (Ala.Cr.App. 1984) (wherein the court determined that proof of "serious physical injury" was not sustained by evidence that cuts in the robbery victim's mouth prohibited the victim from wearing his dentures or eating solid food for several days).
This court has recently treated the question of sufficiency of proof of the first-degree assault element of "serious physical injury" in Goans v. State, 465 So.2d 482 (Ala.Cr.App. 1985), which involves a factual situation similar to the one before us. In Goans, the first-degree assault victim was shot with a .22-caliber pistol in his right collarbone. He was treated and released from a hospital the same night. The victim testified at trial that his pain was "not all that bad." On this evidence, the court reversed for the prosecution's failure to present evidence of "serious physical injury."
We find no factual distinctions between the facts of Goans
and the instant circumstances. Even the trial court recognized the possibility of the deficiency of the prosecution's evidence by its explanation of its denial of the appellant's motion to exclude, as follows: "I think even though the State's evidence may be very thin, it may be very nebulous, I think it is sufficient at least to go to the jury on this issue so I'll overrule your motion." Accordingly, as in Goans, we conclude that the prosecution's case presented no evidence that Ms. Davis's injuries created a substantial risk of death or caused serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of a bodily organ.
We find that this deficiency mandates a reversal of the appellant's conviction of assault in the first degree. However, the State's evidence does support a conviction for assault in the second degree as defined by § 13A-6-21 (a)(2) for the evidence established that Ms. Davis sustained "physical injury" as defined by § 13A-1-2 (8), Code of Alabama 1975. See Nelsonv. State, supra. The appellant in brief agrees with this conclusion. (Appellant's Brief at 8.)
Therefore, it is the judgment of this court that the appellant's conviction for first-degree assault be reversed and set aside. However, it is the further opinion of this court that the appellant is guilty of second-degree assault. Hence, this cause is remanded with directions that the first-degree assault conviction be set aside and that the appellant be properly adjudged guilty of, and sentenced for the offense of, second-degree assault.
REVERSED AND RENDERED, IN PART; REMANDED FOR PROPER SENTENCING.
All Judges concur. *Page 268