BOWEN, Presiding Judge,
dissenting.
I respectfully but strenuously dissent from the majority opinion. The defendant stands adjudicated a delinquent based on a finding that she is guilty of assault in the first degree. The record shows that the defendant is not guilty of that offense because there was no serious physical injury to the victim. This deficiency is admitted by the Attorney General: “In the State’s opinion, the victim’s injuries were not sufficient to bring Appellant’s actions within the orbit of Assault in the First Degree.” Appellee’s Brief, p. 3. The majority implicitly recognizes this with its reference to Scott v. State, 374 So.2d 316 (Ala.1979).
It is fundamentally unfair and constitutionally offensive to allow this adjudication to remain as it now stands. The adjudication of delinquency is based upon a clearly erroneous finding that the defendant is guilty of an offense. To refuse to recognize that fact is judicial blindness.
As a practical matter, we will probably have a second chance to review this same issue when a post-conviction extraordinary writ is sought on the basis of incompetence of counsel.
The record shows that, even though the defendant is not guilty of first degree assault, she is guilty of second degree assault for the same reasons as those in Davis v. State, 467 So.2d 265 (Ala.Cr.App.1985). In this case, we should do what we did in Davis. The judge’s finding that the defendant is guilty of Assault I should be reversed and set aside. This cause should be remanded with directions that the defendant be adjudged guilty of and sentenced for the offense of Assault II. This procedure was sanctioned in Ex parte Edwards, 452 So.2d 508 (Ala.1984).