722 So.2d 788 (1998)
Walter WESTBROOK II
v.
STATE.
CR-96-0667.
Court of Criminal Appeals of Alabama.
March 20, 1998.
Opinion on Return to Remand August 14, 1998.
*789 Roger C. Appell, Birmingham, for appellant.
Bill Pryor, atty. gen., and J. Thomas Leverette, asst. atty. gen., for appellee.
McMILLAN, Judge.
The appellant, Walter Westbrook II, was indicted for attempted murder in December 1994, and was tried on October 28, 1996. As the State indicates in its brief to this court, the court reporter's transcript and the entry of judgment reflected in the case action summary sheet conflict as to exactly what crime the jury convicted the appellant of. According to the reporter's transcript, the jury convicted the appellant of the lesser included offense of attempted assault in the first degree. The reporter's transcript reflects that the jury foreperson read the following verdict following its deliberation: "We, the jury, find the defendant, Walter Westbrook, guilty of attempted assault in the first degree as charged in the indictment." The trial judge then adjudicated the appellant guilty of "attempted assault in the first degree." However, the entry in the case action summary sheet shows a conviction for assault in the first degree.
*790 A review of the entire transcript, including the trial judge's instructions to the jury and defense counsel's objections to those instructions, indicates that the terms "assault in the first degree" and "attempted assault in the first degree" were used interchangeably throughout these proceedings. When the trial judge instructed the jury, he used the term "attempted assault in the first degree," but proceeded to list the elements for assault in the first degree, without making any reference to the elements of attempt as he had properly done in charging the jury on the elements of attempted murder. It is also impossible to conclude from the record which offense the trial judge used as the basis for determining the appellant's sentence. The sentencing hearing was not made a part of the record and the case action summary sheet reflects only that punishment was set at 20 years' incarceration.

I.
The issue whether the appellant was convicted of assault in the first degree or attempted assault in the first degree must be resolved before we can address the first issue raised by the appellant on appeal. The appellant has argued on appeal that the evidence does not support a conviction for assault in the first degree. If the appellant was actually convicted of attempted assault in the first degree, then his argument is moot. However, if the appellant was convicted of assault in the first degree, then his argument has merit, because, although there is evidence to support a conviction for attempted assault in the first degree, the evidence does not support a conviction for assault in the first degree.
The evidence at trial tended to show that on March 3, 1994, the appellant shot Andre Allen while both were students at Ensley High School. Allen was a member of a gang and had been involved with other members of that gang in acts of violence and intimidation against Derrell Robinson, a friend of the appellant's, for a couple of days before the shooting. On the morning of the shooting, the appellant saw Allen and other members of the gang engage in a brutal initiation in which the gang members beat the potential gang member. The appellant testified that he had been threatened by Allen both the day before the shooting and the day of the shooting. Just before noon on the day of the shooting, between the gym and the band room, the appellant shot at Allen three times, hitting him once in the side. The bullet exited Allen's back, leaving an exit scar. Although Allen spent five days in the hospital as a result of the shooting, there was no medical testimony regarding procedures used or Allen's condition or prognosis.
The evidence presented at trial was insufficient to support a conviction for assault in the first degree. According to § 13A-6-20, Code of Alabama 1975:
"(a) A person commits the crime of assault in the first degree if:
"(1) With intent to cause serious physical injury to any person by means of a deadly weapon or a dangerous instrument, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument."
The evidence at trial was insufficient to prove that Allen had suffered a "serious physical injury" as a result of the appellant's shooting. Although it is undisputed that a gun is a "deadly weapon or dangerous instrument" as that term is used in the statute, this Court has consistently held that evidence of a gunshot wound alone is insufficient to prove that the victim had suffered a "serious physical injury." Cowan v. State, 540 So.2d 99, 100-101 (Ala.Cr.App.1988); Davis v. State, 467 So.2d 265, 267 (Ala.Cr.App.1985); and Vo v. State, 612 So.2d 1323, 1325-26 (Ala.Cr.App. 1992). Code of Alabama 1975, § 13A-1-2(9) defines "serious physical injury" as:
"Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ."
The State argues that Allen's five days in the hospital and the "permanent scars" that resulted from the gunshot wound provided enough evidence from which the jury could infer a "serious physical injury." Although Allen showed his scars to the jury, there was no testimony regarding whether the scars *791 were permanent. Furthermore, although the victim in Davis v. State, supra, showed her scars to the jury, this Court determined that there was insufficient evidence to prove a serious physical injury. Davis, 467 So.2d at 266. The only distinction between Davis and that case is that Allen spent five days in the hospital whereas the victim in Davis spent only one night. However, without any testimony concerning Allen's medical condition that required such a stay in the hospital, the jury is left to speculate as to whether Allen suffered a "substantial risk of death,... serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ." In Alvis v. State, 434 So.2d 859, 862 (Ala.Cr.App.1983), this Court held that no serious physical injury had been shown despite the victim's two-and-a-half day stay in the hospital. There was evidence in that case that the victim's hospital stay had been "merely for observation." Id. In this case, there is no testimony as to why Allen remained in the hospital for five days. Without such testimony, a finding of a serious physical injury can be based only upon mere speculation.
If the appellant was, in fact, convicted of assault in the first degree, that conviction is due to be reversed. However, there was sufficient evidence at trial to convict the appellant of assault in the second degree. According to § 13A-6-21, Code of Alabama 1975:
"(a) A person commits the crime of assault in the second degree if:
"(2) With intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument."
Code of Alabama, 1975, § 13A-1-2(8) defines "physical injury" as "[i]mpairment of physical condition or substantial pain." The evidence at trial would support a finding that Allen suffered a "physical injury." Therefore, on remand, if the trial court finds that the appellant was actually convicted of assault in the first degree, this Court directs the trial court to set aside that conviction and to enter a judgment of guilty of assault in the second degree and to sentence the appellant pursuant to the guidelines for a Class C felony. Vo, 612 So.2d at 1326; Davis, 467 So.2d at 267; Ex parte Edwards, 452 So.2d 508 (Ala. 1984).
The evidence at trial, on the other hand, does support a conviction for attempted assault in the first degree, because an actual "serious physical injury" is not an element of that crime. According to § 13A-4-2(a), Code of Alabama 1975:
"A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense."
Therefore, to be convicted of attempted assault in the first degree, the appellant must have intended to cause a serious physical injury and must have performed some overt act towards causing such injury. The jury could have easily inferred from the fact that the appellant fired three shots at Allen that he intended to cause serious physical injury, and the firing of those shots constitute an overt act toward causing such injury. This Court held in Twyman v. State, 565 So.2d 1215, 1221 (Ala.Cr.App.1990), that "intent `may be inferred from the act of using a deadly weapon unless circumstances negate this presumption.'" There do not appear to be any circumstances in the present case showing that the appellant did not intend to cause Allen serious physical injury. Therefore, the evidence supports a conviction for attempted assault in the first degree.

II.
Although we must remand this cause, in the interest of judicial economy we will consider the three other issues the appellant raised on appeal. The appellant contends that he was denied due process of law in violation of the Fourteenth Amendment to the United States Constitution when he was compelled to wear a prison armband during the trial. Included on the armband was a photograph of the appellant, his date of birth, and a big red mark. According to the appellant, being forced to wear such an armband was tantamount to being forced to wear prison clothing in front of the jury. The United States Supreme Court held in Estelle v. *792 Williams, 425 U.S. 501, 512, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126 (1976), that a defendant could not be compelled to wear "identifiable prison clothes" during trial. However, neither the armband worn by the appellant nor any similar armband was made a part of the record. The appellant's counsel admitted during his oral motion in limine in which he sought to have the armband removed that the mere fact that the appellant was wearing the armband was "no big deal." He argued, however, that prejudice might result from the fact that the appellant was wearing an armband because the victim, Andre Allen, who unlike the appellant, was a convicted criminal at the time of trial, would also be wearing a similar armband. However, this Court is unable to find a violation of the Fourteenth Amendment based solely upon counsel's representations that the armband constituted "identifiable prison clothes."

III.
The appellant further contends that his conviction must be reversed because the trial judge failed to instruct the jury on attempted manslaughter and assault in the third degree. Although he originally argued that the trial judge should have instructed the jury on attempted manslaughter based upon both recklessness and heat of passion, in his reply brief to this Court the appellant concedes that there is no such offense as "attempted reckless manslaughter" in Alabama but maintains that there is or there should be an offense of "attempted heat-of-passion manslaughter." However, this Court concludes that the trial judge committed no error in failing to instruct the jury on attempted manslaughter or assault in the third degree.
The State correctly cites Stennet v. State, 564 So.2d 95 (Ala.Cr.App.1990), for the proposition that there is no offense of attempted manslaughter in Alabama. In that case this Court held that one element of "attempt," specifically the intent to commit a specific offense, was inconsistent with the element of reckless manslaughter set out in § 13A-6-3, Code of Alabama 1975, that one "recklessly cause the death of another person." "Intentional" and "reckless" were held to be mutually exclusive terms.
While the appellant concedes that the Stennet decision was well-reasoned insofar as it concerned reckless manslaughter, he maintains that the holding in Stennet should not be extended to exclude the existence of the offense of "attempted heat-of-passion manslaughter." In Purser v. State, 607 So.2d 298, 299 (Ala.Cr.App.1991), this Court did extend the holding of Stennet to a heat-of-passion situation by citing Stennet for the principle that "[t]here is no offense of attempted manslaughter in the State of Alabama." According to the appellant, this Court in deciding Purser should have taken the opportunity to look into the distinction between reckless manslaughter and heat-of-passion manslaughter that would exclude the possibility of "attempted reckless manslaughter" but would allow for "attempted heat-of-passion manslaughter." However, the language in Stennet clearly shows that the concept of an "attempt" is inconsistent with any form of manslaughter:
"Likewise, under Alabama law, if a person attempts to cause, recklessly or otherwise, the death of another person, that person is guilty of attempted murder. This is because the death of another was the act intended although the attempt to accomplish this result failed."
Stennet, 564 So.2d at 96-97. Under this reasoning, a person cannot "attempt" to kill another as a result of heat of passion. If he attempts to kill that person, then he intends to cause that person's death. If he intends to cause that person's death, then he is guilty of attempted murder, not attempted manslaughter. Therefore, the trial judge did not err in refusing to charge the jury on any form of attempted manslaughter.
As to the appellant's argument that the trial judge's refusal to charge the jury on the elements of assault in the third degree was error, any error was harmless. The trial judge instructed the jury on the elements of assault in the second degree when a deadly weapon or dangerous instrument is used.[1] *793 Second-degree assault with a deadly weapon requires an intent to cause physical injury, a higher level of culpability than third-degree assault with a deadly weapon, which requires only criminal negligence; thus, the appellant's argument that the trial judge should have given instructions for third-degree assault as an act wherein one "recklessly causes physical injury to another person" is misplaced. This offense requires a lower level of culpability than assault in the second degree. Because the jury rejected the second-degree assault charge and convicted the appellant either of assault in the first degree or of attempted assault in the first degree, it is fair to assume that the jury would have rejected any charges on assault in the third degree. Therefore, the trial judge's failure to charge the jury on assault in the third degree did not prejudice the appellant and was harmless. See Bartlett v. State, 600 So.2d 336, 341 (Ala.Cr.App.1991); and Ex parte Jordan, 486 So.2d 485, 488-489 (Ala. 1986).

IV.
The appellant contends that the trial judge erred by failing to instruct the jury that in order to claim self-defense, the appellant did not have a duty to retreat because he was at a school in which he was a student. However, the record reflects that the trial judge read the instruction on the duty to retreat almost directly from the statute. In fact, the trial judge's instruction was slightly broader than the statute, including "place of business or work" rather than "place of work." Although there may be valid policy reasons to extend the exception from the duty to retreat to the school environment, the legislature has not chosen to do so. The statute as it is now written specifically lists the places where no duty to retreat exists as a "dwelling" and a "place of work." The trial judge did not err by failing to instruct the jury regarding other exceptions to the duty to retreat.
Because the record reflects that there was sufficient evidence to support a conviction for attempted assault in the first degree but not enough evidence to support a conviction for assault in the first degree, this case must be remanded to the trial court for clarification as to which crime the appellant was convicted of. Duncan v. State, 587 So.2d 1260, 1264 (Ala.Cr.App.1991); Jones v. State, 373 So.2d 1221, 1224 (Ala.Cr.App.1979); Ebens v. State, 518 So.2d 1264, 1269 (Ala.Cr.App.1986). Return should be made within 60 days of the date of the release of this opinion.
REMANDED WITH DIRECTIONS.
BROWN, J., concurs.
LONG, P.J., concurs in result only, without opinion.
COBB, J., dissents with opinion.
BASCHAB, J., joins dissent.
COBB, Judge, dissenting.
Because of the convoluted procedural nature of this case, the decision to remand this case by opinion is not appropriate. I would remand this case to the trial court pursuant to Rule 10(g), Ala.R.App.P., by order of this court. "The appellate court may ... on its own initiative, order that a ... corrected record be certified and transmitted to the appellate court ... to correct [a] misstatement." This would allow the trial court to resolve the conflict between the case action summary and the judge's instructions contained in the transcript.
In addition, the discussion of whether there is such an offense as attempted manslaughter by legal provocation is unnecessary. Although Westbrook was indicted for attempted murder, the jury did not find him guilty of any crime involving an intent to kill, and instead, found him culpable for some degree of assault. Therefore, the jury's refusal to find an intent to kill negates the need for the main opinion's discussion of manslaughter. Moreover, in Westbrook's case, I would find that the trial court correctly refused to instruct the jury on "attempted heat-of-passion manslaughter" because the facts did not justify a finding of legal provocation entitling Westbrook to a lesser charge. Therefore, in my opinion, the main opinion should not have reached this issue.
*794 However, I do not agree with the blanket statement in the main opinion that there is no offense of attempted heat-of-passion manslaughter. This court has previously stated that manslaughter as defined in § 13A-6-3(a)(2), Ala.Code 1975, "heat-of-passion" manslaughter, is an intentional homicide "`if committed under a naturally engendering passion.'" Read v. State, 686 So.2d 563, 567 (Ala.Cr.App.1996). Read concerned the enhancement firearm provision of § 13A-5-6(a)(5), Ala.Code 1975, is a case in which the defendant alleged that her actions were unintentional. This court noted that in finding the appellant guilty of "heat-of-passion" manslaughter, the jury found the appellant's actions to be intentional. Therefore, the application of the firearm enhancement provision was not error. Read distinguished Ex parte McCree, 554 So.2d 336 (Ala.1988), in which the jury returned a verdict of "reckless manslaughter." The Alabama Supreme Court stated in McCree that the jury, by finding "reckless manslaughter," eliminated the element of the intentional use of a firearm to take a life. That court said McCree was culpable only of recklessness. The Alabama Supreme Court stated: "`the trial court was without authority to sentence McCree under an enhancement statute that, by its terms, is invoked only by a degree of culpability higher than that for which McCree was found guilty.'" 554 So.2d at 341. The same rationale applies to an "attempt." Because "heat-of-passion" manslaughter is an intentional homicide, an attempt may be a lesser offense.
I have found seven cases in Alabama saying that there is no offense of "attempted manslaughter." Five of the cases concern "reckless manslaughter" under § 13A-6-3(a)(1), Ala.Code 1975. Purser v. State, 607 So.2d 298 (Ala.Cr.App.1991), rev'd on other grounds, 607 So.2d 301 (Ala.1992), a heat-of-passion manslaughter case, cites Stennet v. State, 564 So.2d 95 (Ala.Cr.App.1990), a reckless-manslaughter case, for the proposition without explanation, that there is no criminal offense in Alabama of attempted manslaughter. I believe this statement was in error and that this case should be overruled. The other case, Gholston v. State, 494 So.2d 876, 883 (Ala.Cr.App.1986), did not hold that one could not be guilty of attempted heat-of-passion manslaughter, but found, assuming, arguendo, that even if one could, in Gholston there was no legal provocation to justify a jury instruction on attempted manslaughter.
I do not agree with the main opinion that there is no such offense as attempted heat-of-passion manslaughter. Nevertheless, the analysis is not necessary because of the conflict between the case action summary sheet and the jury's verdict form. Again, I state that an order remanding this case pursuant to Rule 10(g), Ala.R.App.P., is the appropriate response at this time.

On Return to Remand
McMillan, Judge.
On March 20, 1998, we remanded this cause to the circuit court with instructions that that court clarify whether the appellant, Walter Westbrook II, had been convicted of assault in the first degree or attempted assault in the first degree. We directed the trial court, if it found that the appellant had been convicted of first-degree assault, to reverse that conviction because we found that the evidence was insufficient to support a conviction for first-degree assault. We further directed that the trial court, if it found that the appellant had been convicted of first-degree assault, enter a judgment of guilty of assault in the second degree, based upon the reasoning of Ex parte Edwards, 452 So.2d 508 (Ala.1984).
In compliance with our directions, the trial court held a hearing, finding that the appellant had been convicted of assault in the first degree. The trial court then adjudicated the appellant guilty of assault in the second degree and sentenced the appellant to 10 years' incarceration, with credit for time served, and imposed a crime victims fine of $5,000. Because we find that the trial court has fully complied with our directions, the judgment of the trial court is due to be affirmed.
AFFIRMED.
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.
NOTES
[1] Although the trial judge referred to the offense as "attempted assault in the second degree," he read the elements of the offense of assault in the second degree.