LONG, Presiding Judge.
The appellant, Donny Lamar Lee, was indicted for attempted murder and was convicted of the lesser included offense of assault in the first degree. He was sentenced to 17 years in the penitentiary.
On appeal, Lee contends that the evidence was insufficient to sustain his conviction for assault in the first degree. Specifically, he argues that the state failed to prove that the victim suffered a “serious physical injury,” a necessary element of assault in the first degree. Section 13A-6-20, Ala.Code 1975, provides, in pertinent part:
“(a) A person commits the crime of assault in the first degree if:
“(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument.”
“Serious physical injury” is defined at § 13A-l-2(9), Ala.Code 1975, as “[pjhysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of *888 health or protracted loss or impairment of the function of any bodily organ.”
The evidence at trial tended to show the following. During an argument on September 15, 1996, Lee fired a pistol at the victim, Katrina Taylor, hitting Taylor in the leg. Taylor was taken to the hospital, where the wound, described by Taylor as a deep “gash” to the tissue in Taylor’s lower right thigh, was cleansed and sutured. Taylor’s injury did not require overnight hospitalization. Although Taylor testified that she was unable to go to work for several days because of her injury, the state did not present testimony regarding the procedures used in treating Taylor or regarding Taylor’s condition or prognosis after the shooting. The hospital records for treatment of Taylor’s injury were admitted in evidence without testimony from the treating physician. Those records indicated that Taylor was a “Priority I” patient upon her arrival at the hospital and that her blood pressure, pulse, and respiration were elevated. Taylor showed the jury the scar that resulted from the gunshot wound.
While “[i]n common parlance, almost every gunshot wound would be considered a ‘serious physical injury,’ ” Vo v. State, 612 So.2d 1323, 1325-26 (Ala.Cr.App.1992), this court has stated:
“Although it is undisputed that a gun is a ‘deadly weapon or dangerous instrument’ as that term is used in [§ 13A-6-20, Ala. Code 1975], this Court has consistently held that evidence of a gunshot wound alone is insufficient to prove that the victim had suffered a ‘serious physical injury.’ Cowan v. State, 540 So.2d 99, 100-101 (Ala.Cr.App.1988); Davis v. State, 467 So.2d 265, 267 (Ala.Cr.App.1985); and Vo v. State, 612 So.2d 1323, 1325-26 (Ala.Cr.App.1992).”
Westbrook v. State, 722 So.2d 788, 790 (Ala.Cr.App.1998).
Looking to prior decisions of this court and applying the yardstick set out by the legislature in § 13A-l-2(9), Ala.Code 1975, we must conclude that the evidence at trial was insufficient to prove that Taylor suffered a “serious physical injury” as a result of the shooting. There was no indication that the gunshot wound ever endangered Taylor’s life or caused protracted impairment of her health, and there was no evidence that the wound caused “serious and protracted disfigurement” or “protracted loss or impairment of the function of any bodily organ.” § 13A-1-2(9), Ala.Code 1975. See M.T.R. v. State, 620 So.2d 753, 754 (Ala.Cr.App.1993) (no serious physical injury was shown where the victim was shot in the shoulder and was treated and released from the hospital the same day); Vo, supra, 612 So.2d at 1325-26 (no serious physical injury was shown where the victim was shot in the arm and no other evidence was offered to establish the nature of the victim’s injury); Cowan v. State, 540 So.2d 99, 101 (Ala.Cr.App.1988) (no serious physical injury was shown where the shooting victim stayed overnight at the hospital, but indicated “that his overnight stay was partly due to the fact that a surgeon could not see him until the next day”); and Davis v. State, 467 So.2d 265, 266 (Ala.Cr.App.1985) (no serious physical injury was shown where the victim was shot in the hand and in the arm and was treated and released from the hospital the same day).
The staté argues that the hospital records for treatment of Taylor’s injury and the scar that resulted from the gunshot wound provided sufficient evidence from which the jury could infer that Taylor had suffered a “serious physical injury.” However, the hospital records — which were introduced without any supporting medical testimony concerning Taylor’s condition and treatment following the shooting — are inadequate, standing alone, for purposes of prov- . ing that Taylor suffered a “substantial risk of death, ... serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of. any bodily organ.” The jury was left to speculate as to the nature of Taylor’s injury. See Westbrook, 722 So.2d at 790. Further, although Taylor showed her scar to the jury, no testimony was presented regarding whether the scar was permanent. Id. More importantly, we are not prepared to say that . the sear resulting from the bullet wound to Taylor’s leg represented the sort of “serious disfigurement” contemplated by § 13A-1- *889 2(9), Ala.Code 1975. See Davis, supra, 467 So.2d at 266-67 (although the victim showed the jury the sears resulting from gunshot wounds to her hand and arm, there was insufficient evidence to prove that she had suffered a serious physical injury).
Therefore, it is the judgment of this court that Lee’s conviction for assault in the first degree is due to be reversed. However, the trial court’s charge to the jury also included an instruction on the lesser included offense of assault in the third degree, and the evidence was sufficient to sustain a conviction for that offense. According to § 13A-6-22, Ala.Code 1975:
“(a) A person commits the crime of assault in the third degree if:
“(1) With intent to cause physical injury to another person, he causes physical injury to any person.”
Section 13A-l-2(8), Ala.Code 1975, defines “physical injury” as “[¡Impairment of physical condition or substantial pain.” The evidence presented at trial would support a finding that Taylor had suffered a “physical injury.”[1] Therefore, we are remanding this cause with directions that Lee’s conviction for assault in the first degree be set aside, that Lee be adjudged guilty of assault in the third degree, and that Lee be sentenced pursuant to the guidelines for a Class A misdemeanor. See § 13A-6-22(b) and § 13A-5-7(a)(l), Ala. Code 1975.
REVERSED AND REMANDED WITH DIRECTIONS.
McMILLAN, COBB, BROWN, and BASCHAB, JJ., concur.

. We note that had the jury been so instructed, the evidence was sufficient to sustain a conviction for assault in the second degree, a violation of § 13A-6-21(a)(2), Ala.Code 1975, which provides that "[a] person commits the crime of assault in the second degree if the person ... [wjith intent to cause physical injury to another person, ... causes physical injury to any person by means of a deadly weapon or a dangerous instrument.” See Ex parte Edwards, 452 So.2d 508 (Ala.1984); Vo v. State, 612 So.2d 1323 (Ala.Cr.App.1992); and Davis v. State, 467 So.2d 265 (Ala.Cr.App.1985).